USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/07

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
FRANCISCO ESTRELLA,                 :
                        Petitioner, :
                                    :      06 Civ. 12941 (DLC)
            -v-                     :
                                    :      OPINION & ORDER
SUPERINTENDENT ERCOLE,              :
                        Respondent. :
                                    :
------------------------------------X
```

Appearances:

Pro se Petitioner:
Francisco Estrella
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

For Defendants:
Ashlyn Dannelly
Michelle Maerov
Assistant Attorneys General
Attorney General of the State of New York
120 Broadway
New York, New York 10271

DENISE COTE, District Judge:

Francisco Estrella ("Estrella") brings this timely petition for a writ of habeas corpus under 28 U.S.C. § 2254, following his 2004 conviction for weapons possession, witness tampering, and bail jumping in the Supreme Court of New York, New York County. On October 26, 2007, Magistrate Judge Michael H. Dolinger issued a report (the "Report") recommending that the petition be denied. Estrella has objected to the Report. For

the following reasons, the Report is adopted, and the petition is denied.

BACKGROUND

As described in detail in the Report, the evidence at trial established the following: Around midnight on January 5, 2001, Estrella was driving through northern Manhattan while being followed by two police officers who intended to pull Estrella's vehicle over and issue him a summons for a broken headlight. While Estrella was stopped at a red light, the officers signaled to him that he should pull over, but he instead continued to drive for several blocks and pulled into a parking garage. When the police officers entered the garage, they saw Estrella "looking nervous," and standing next to two garage attendants who were motioning their heads, "trying to direct [the police officers'] attention" toward the garage bathroom. One of the officers entered the bathroom and recovered Estrella's .9 millimeter semi-automatic weapon from the floor. Estrella was arrested.

Three days later, on January 9, Estrella, accompanied by two other men, returned to the parking garage where he had been arrested. The three men approached Antonio Diaz, one of the attendants who had been on duty at the time of Estrella's arrest, and Estrella told Diaz that Diaz should not testify in Estrella's trial because they were both Dominican. Diaz was

2

"surprised" and "scared" by this confrontation, but was not physically threatened by Estrella.

On January 11, Estrella appeared before Judge Ellen M. Coin, in the Supreme Court of New York, New York County. Judge Coin continued the case until January 25, and told Estrella to "go upstairs now with your attorney to Part 70 to determine whether that court will hear the People's bail application." Estrella never appeared before the Part 70 judge, nor did he appear before Judge Coin on January 25. The court issued a bench warrant for Estrella's arrest, and he was involuntarily returned on April 6, 2004.

Estrella's jury trial began on October 26, 2004. Justice Daniel Fitzgerald conducted a hearing pursuant to People v. Sandoval, 34 N.Y.2d 371 (1974), and determined that if Estrella were to take the stand, the State would be permitted to question him about certain prior convictions. The jury heard testimony from the police officers who arrested Estrella at the parking garage, as well as the two garage attendants, concerning the events of the evening of January 5, 2001. The State also presented the testimony of forensic, fingerprint, and firearms specialists concerning the firearm recovered in the course of Estrella's arrest. In addition, the jury heard testimony from a court clerk and two court reporters concerning the circumstances giving rise to Estrella's bail-jumping charge. On November 5,

2004, the jury found Estrella guilty of criminal possession of a weapon in the third degree, tampering with a witness in the fourth degree, and bail jumping in the second degree. The jury acquitted Estrella of tampering with a witness in the third degree. On November 18, Estrella was sentenced to seven years' imprisonment for weapon possession, two to four years' imprisonment for bail-jumping, and one year for witness tampering. Justice Fitzgerald ordered the weapon possession and bail-jumping sentences to run consecutively, and the witness-tampering sentence to merge.

Estrella, represented by appellate counsel, appealed his conviction to the Appellate Division, First Department, and presented three grounds for reversal. He argued that (1) the trial court's Sandoval ruling was an abuse of discretion; (2) the weapon possession conviction was against the weight of the evidence; and (3) his sentence was "excessive and unduly harsh," and therefore an abuse of discretion by the trial court. The Appellate Division unanimously affirmed Estrella's conviction on April 20, 2006, see People v. Estrella, 812 N.Y.S.2d 531 (1st Dep't 2006), holding that the Sandoval ruling was a "proper exercise of discretion," the weapon possession "verdict was not against the weight of the evidence," and there was "no basis to reduce the sentence. Id. at 352. Estrella sought leave to appeal to the New York Court of Appeals, but only requested

4

review of the Sandoval and weight-of-the-evidence issues. Leave to amend was denied, see People v. Estrella, 853 N.E.2d 252 (2006)(Table), and the instant habeas petition followed.

DISCUSSION

Estrella's habeas petition consists of a cover sheet and his appellate brief to the Supreme Court of New York, Appellate Division. The Report recommended rejection of each of the three arguments raised by the petition. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court must make a de novo determination of the portions of the report to which petitioner objects. 28 U.S.C. § 636(b)(1); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Figueroa v. Riverbay Corp., No. 06 Civ. 5364(PAC), 2006 WL 3804581, at *1 (S.D.N.Y. Dec. 22, 2006) (citation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, modified the standard under which federal courts review Section 2254 petitions. Habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable

5

application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2). Each of the claims addressed in the Report is described below.

I. Exhaustion

In his opposition to the petition, respondent contends that two of Estrella's claims are unexhausted. The weight-of-the-evidence claim is unexhausted, respondent contends, because Estrella "did not rely on federal cases or statutes or employ a constitutional analysis in his Appellate Division brief." As to the sentencing claim, respondent deems that claim unexhausted because Estrella "did not present it to the Court of Appeals in his leave application." The Report declines to reach the exhaustion question, however, finding Estrella's claims "plainly meritless" and "choos[ing] to forego the exhaustion issues and instead recommend dismissal with prejudice on the basis that petitioner fails to demonstrate a violation of his constitutional rights." The same tack shall be taken here, as Estrella has raised no objection to the Report's treatment of exhaustion.

II. Sandoval Claim

In his petition, Estrella claims that the trial court abused its discretion and denied him his right to a fair trial by holding that the prosecution could cross-examine him on certain prior convictions, should he choose to testify at trial. The Report rejects this claim, citing the Supreme Court's holding that in order "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." Luce v. United States, 469 U.S. 38, 43 (1984). Because Estrella did not testify at his trial, the Report determines that he did not raise any issue of federal constitutional law.

Estrella's objection to the Report's recommendation on his Sandoval claim rests entirely on general, conclusory statements and citations to New York state law. It fails to engage the Report's reasoning or legal analysis, and thus does not provide any basis upon which to scrutinize the Report. Even if the Report's analysis were subjected to de novo review, however, the Sandoval claim would fail.

At the outset, it should be noted that habeas relief does not lie for mere misinterpretation or misapplication of state law. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). Accordingly, there can be no relief predicated solely upon Estrella's claim that the trial court abused its discretion in

7

making its Sandoval ruling. Broadly invoking the Due Process Clause, Estrella appears to argue that his "constitutional right to testify at trial" was violated by the trial court's Sandoval ruling. But, as the Report correctly observed, rulings concerning the admissibility of prior convictions are amenable to habeas review only if the defendant takes the stand. Otherwise, the reviewing court has "no way of knowing whether the Government would have sought to impeach with the prior conviction" and cannot "determine the impact any erroneous impeachment may have had in light of the record as a whole." Luce, 469 U.S. at 42. Accordingly, this claim is rejected.

III. Weight-of-the-Evidence Claim

Estrella challenges the sufficiency of the evidence on his weapon possession conviction, claiming that (1) there was no physical evidence linking him to the weapon; (2) the testimony of one of the garage attendants was incredible; and (3) the in-court identifications by the garage attendants and one of the police officers were uncertain. The Report rejects these arguments. It treats Estrella's claim as a challenge to the sufficiency of the evidence under the Due Process Clause, and finds that the trial record contained "ample evidence permitting a rational fact-finder to conclude that petitioner knowingly possessed an operable, loaded firearm outside his home or place of business," satisfying the statutory requirements of N.Y.

Penal Law § 265.02(4). Estrella makes no specific objection to this finding, but rather invokes a general due process right against his conviction.

As the Report correctly observes, a federal habeas court entertaining a sufficiency of the evidence challenge under the Due Process Clause may grant relief only if it concludes, after viewing the evidence in the light most favorable to the prosecution, that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979); see Policano v. Herbert, -- F.3d --, 2007 WL 2982920, at *4 (2d Cir. Sept. 19, 2007). Here, there was more than sufficient evidence upon which the jury could base its verdict. An eyewitness saw Estrella remove a gun from underneath his car seat, take the gun into the bathroom, and put it on the floor. Other witnesses testified that the gun seized from the bathroom was loaded and operable. Estrella has not sustained the substantial burden imposed on a habeas petitioner challenging the sufficiency of evidence underlying his conviction.

IV. Sentencing Claim

Estrella claims that his sentence is unconstitutionally excessive, particularly in light of the various "mitigating factors" he presented to the trial court for consideration at sentencing. Respondent argues that, because the sentence is

9

within the range prescribed by the New York State statute, there is no federal constitutional issue suitable for habeas review. The Report rejects Estrella's argument. Estrella's objection to this finding is, again, general and predicated on invocation of the abstract guarantees of the Due Process Clause.

Estrella concedes that his sentence is within the range prescribed by state statute. "No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). Accordingly, Estrella's challenge to his sentence must be rejected.

CONCLUSION

Having reviewed the Report with care, there is no facial error in its conclusions. For the reasons given in this Opinion, Estrella's objections to the Report are denied following a de novo review of his claims. Estrella's petition is denied. No certificate of appealability shall issue. Estrella has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). Moreover, any appeal from this order would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438,

445 (1962). The Clerk of Court shall dismiss the petition.

SO ORDERED:

Dated: New York, New York
November 30, 2007

                                                  DENISE COTE
                                    United States District Judge

Copies sent to:

Francisco Estrella  
Green Haven Correctional Facility  
P.O. Box 4000  
Stormville, New York 12582

Ashlyn Dannelly  
Michelle Maerov  
Assistant Attorneys General  
Attorney General of New York  
120 Broadway  
New York, New York 10271